IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| IN RE: § | CASE NUMBER: 16-52729 |
| ANNETTE RICARTE, § | |
| DEBTOR § | CHAPTER 13 |
| § | |
| NATIONSTAR MORTGAGE LLC AS § | |
| MORTGAGE SERVICER FOR THE § | |
| BANK OF NEW YORK MELLON § | |
| TRUST COMPANY, N.A. AS § | |
| SUCCESSOR-IN-INTEREST TO ALL § | |
| PERMITTED SUCCESSORS AND § | |
| ASSIGNS OF JPMORGAN CHASE § | |
| BANK, NATIONAL ASSOCIATION, AS § | |
| TRUSTEE FOR SPECIALTY § | |
| UNDERWRITING AND RESIDENTIAL § | |
| FINANCE TRUST MORTGAGE LOAN § | |
| ASSET-BACKED CERTIFICATES, § | |
| SERIES 2005-BC4, § | |
| MOVANT § | |
| § | |
| VS. § | |
| § | |
| ANNETTE RICARTE (DEBTOR) and § | |
| BENITO VALDEZ (CO-DEBTOR), § | |
| RESPONDENTS § | |

MOTION FOR RELIEF FROM STAY AND CO-DEBTOR STAY AGAINST
PROPERTY AS TO
1031 CLOWER, SAN ANTONIO, TX
AND WAIVER OF THIRTY DAY HEARING REQUIREMENT

THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.

IF NO TIMELY RESPONSE IS FILED WITHIN 14 DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD.

A TIMELY RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Nationstar Mortgage LLC as mortgage servicer for The Bank of New York Mellon Trust Company, N.A. as successor-in-interest to all permitted successors and assigns of JPMorgan Chase Bank, National Association, as Trustee for Specialty Underwriting and Residential Finance Trust Mortgage Loan Asset-Backed Certificates, Series 2005-BC4, its successors in interest and/or assigns, ("Movant") respectfully requests relief from the automatic stay of 11 U.S.C. § 362 and co-debtor stay of 11 U.S.C. § 1301 as to the property described herein for the following cause.

1. Debtor filed a Voluntary Petition for Relief under Chapter 13 of the Bankruptcy Code on December 1, 2016 (the "Petition Date"). This Court has jurisdiction to hear and determine this contested matter pursuant to 28 U.S.C. §§ 1334 and 157(b), and grant the relief requested pursuant to 11 U.S.C. §§ 105(a) and 362(d) and 1301.

2. On the Petition Date, Debtor was indebted to Movant pursuant to a Adjustable Rate Note (the "Note"), dated July 14, 2005 in the original amount of $57,500.00, with interest thereon. Movant is the owner of the Note. The Note has been negotiated to Movant. A true copy of the Note is attached hereto and incorporated herein as Exhibit "A".

3. The Note is secured by a Deed of Trust (the "Security Instrument"), dated July 14, 2005 which is recorded in the county real property records. Movant is the assignee of the Security Instrument. A true copy of the recorded Security Instrument and all recorded assignments are attached hereto and incorporated as Exhibit "B" and Exhibit "C", respectively. The Security Instrument grants a lien on the real property at 1031 Clower, San Antonio, TX 78201, legally described as:

LOT 18, BLOCK 107, NEW CITY BLOCK 7205, LOS ANGELES HEIGHTS ADDITION, IN THE CITY OF SAN ANTONIO, BEXAR COUNTY, TEXAS, ACCORDING TO PLAT THEREOF RECORDED IN VOLUME 105, PAGE(S) 284, DEED AND PLAT RECORDS OF BEXAR COUNTY, TEXAS.

(the "Property").

4. Debtor and Co-Debtor are in breach of the Note and Security Instrument. Pursuant to the Movant's books and records, as of March 6, 2017, the Note is due post-petition for the January 1, 2017 payment and all subsequent post-petition payments. In support of this Motion, is a business records affidavit or declaration executed by either a custodian of the business records, a Vice President - Document Control, or other qualified witness for Movant is attached hereto and incorporated herein as Exhibit "D".

5. The failure to pay the post-petition monthly installments when due under the Note constitutes cause to terminate the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

6. According to the Movant's books and records and the County Appraisal District records, there may be equity in the Property. Pursuant to the Movant's books and records as of March 6, 2017, the unpaid amount due and owing on the Note is $79,480.13. Pursuant to the Bexar County Appraisal District, the value of the Property is $80,250.00. Movant has not conducted an appraisal of the Property.

7. Benito Valdez (the "Co-Debtor") received the consideration for the claim held by Movant. Movant would be irreparably harmed by the continuation of the co-debtor stay and therefore Movant is entitled to relief from the co-debtor stay pursuant to 11 U.S.C. § 1301(c).

8. Movant is entitled to post-confirmation attorney's fees, costs and charges pursuant to the terms of the Note and Security Instrument under 11 U.S.C. § 1322(b)(2).

9. Movant moves for relief terminating the automatic stay and co-debtor stay, as to the Property to pursue its statutory and contractual remedies, including the taking of any action in order to gain possession of, or foreclose upon, or conduct a short sale of, or accept a deed in lieu as to the Property.

10. As a matter of equity, Movant requests that upon termination of the stay pursuant to this motion or pursuant to a subsequent Certificate of Default and Notice of Termination of Stay filed in accordance with any agreed order conditioning or modifying the stay, that the Movant not be required to file any subsequent Notices of Payment Change or Notices of Fees, Expenses or Charges as to the Property as required by Bankruptcy Rule 3002.1 (b) and (c) respectively. Once the stay has terminated to allow foreclosure, and the Trustee is no longer making any payments, no purpose is served by requiring notices under Rule 3002.1.

11. Movant requests that the fourteen (14) day stay on enforcing an order for relief imposed by Bankruptcy Rule 4001(a)(3) be waived, due to the number of months Debtor is in arrears, the value of the Property compared to the amount due, and the time necessary to notice the Property for foreclosure.

12. Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase order, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements in support of right to seek a lift of the automatic stay and foreclose if necessary.

13. Movant waives the thirty (30) day hearing requirement of 11 U.S.C. § 362(e)(1).

Prayer

WHEREFORE, PREMISES CONSIDERED, Nationstar Mortgage LLC as mortgage servicer for The Bank of New York Mellon Trust Company, N.A. as successor-in-interest to all permitted successors and assigns of JPMorgan Chase Bank, National Association, as Trustee for Specialty Underwriting and Residential Finance Trust Mortgage Loan Asset-Backed Certificates, Series 2005-BC4 and its successors in interest or assigns respectfully prays that this Court terminate the automatic stay and co-debtor stay as to the Property, or alternatively, condition the

automatic stay and co-debtor stay to adequately protect Movant's interests, award Movant attorney's fees and filing costs against the Debtor pursuant to the Note and Security Instrument, terminate the requirement to file subsequent notices of payment change or notices of post-petition charges upon termination of the automatic stay as required by Bankruptcy Rule 3002.1 (b) and (c) respectively, waive the Rule 4001(a)(3) fourteen-day requirement, and grant Movant such other relief to which Movant may show itself to be justly entitled, either at law or in equity.

Respectfully Submitted,

Grant M. Tabor / TBN 24027905
Email: gtabor@logs.com
H. Gray Burks IV / TBN 03418320
Email: gburks@logs.com
Kirk A. Schwartz / TBN 24004908
Email kschwartz@logs.com
SHAPIRO SCHWARTZ, LLP
13105 Northwest Freeway, Suite 1200
Houston, TX 77040
Telephone (713) 462-2565
Facsimile (847) 879-4856
COUNSEL FOR NATIONSTAR MORTGAGE LLC

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion for Relief from Stay Against Property was served on all persons filing a Notice of Appearance and/or Request for Notice, by CM/ECF delivery, and on the parties listed below, at the addresses indicated, via CM/ECF delivery or by deposit in the United States Mail, first-class postage pre-paid on _March 21_, 2017.

DEBTOR(S):
Annette Ricarte
1031 Clower
San Antonio, TX 78201

CO-DEBTOR(S):
Benito Valdez
1031 Clower
San Antonio, TX 78201

BANKRUPTCY TRUSTEE:
Mary K Viegelahn
Chapter 13 Trustee
10500 Heritage Blvd Suite 201
San Antonio, TX 78216

PARTIES REQUESTING NOTICES AND
PARTIES IN INTEREST
Bradley S. Balderrama
Linebarger Goggan Blair & Sampson, LLP
c/o Bexar County
711 Navarro Street, Ste 300
San Antonio, TX 78205

DEBTOR'S ATTORNEY:
Ruben E. Vasquez
The Vasquez Law Firm
5411 IH-10 W, Suite 100
San Antonio, TX 78201

_____
Grant M. Tabor