**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: May 15, 2017.**



_____
CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| IN RE:<br>ANNETTE RICARTE<br>DEBTOR<br><br>NATIONSTAR MORTGAGE, LLC AS<br>MORTGAGE SERVICER FOR THE BANK<br>OF NEW YORK MELLON TRUST<br>COMPANY, N.A. AS SUCCESSOR-IN-<br>INTEREST TO ALL PERMITTED<br>SUCCESSORS AND ASSIGNS OF<br>JPMORGAN CHASE BANK, NATIONAL<br>ASSOCIATION, AS TRUSTEE FOR<br>SPECIALTY UNDERWRITING AND<br>RESIDENTIAL FINANCE TRUST<br>MORTGAGE LOAN ASSET-BACKED<br>CERTIFICATES, SERIES 2005-BC4, ITS<br>SUCCESSORS IN INTEREST AND/OR<br>ASSIGNS, MOVANT<br>VS.<br>ANNETTE RICARTE<br>DEBTOR, and<br><br>Benito Valdez<br>CO-DEBTOR, RESPONDENTS | § CASE NUMBER: 16-52729<br>§<br>§<br>§<br>§<br>§ CHAPTER 13<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**AGREED ORDER CONDITIONING AUTOMATIC STAY AND CO-DEBTOR STAY**
(DOCKET ENTRY # 19)

On consideration of the Motion For Relief from Stay ("Motion") filed by The Bank of New York Mellon Trust Company, N.A. as successor-in-interest to all permitted successors and assigns of JPMorgan Chase Bank, National Association, as Trustee for Specialty Underwriting and Residential Finance Trust Mortgage Loan Asset-Backed Certificates, Series 2005-BC4 by its mortgage servicer Nationstar Mortgage LLC, its successors in interest and/or assigns ("Movant") and the below agreement of the parties, and no objection being filed, it is:

ORDERED that the automatic stay of 11 U.S.C. § 362 is conditioned as to the property located at 1031 Clower, San Antonio, TX 78201, legally described as:

> LOT 18, BLOCK 107, NEW CITY BLOCK 7205, LOS ANGELES HEIGHTS ADDITION, IN THE CITY OF SAN ANTONIO, BEXAR COUNTY, TEXAS, ACCORDING TO PLAT THEREOF RECORDED IN VOLUME 105, PAGE(S) 284, DEED AND PLAT RECORDS OF BEXAR COUNTY, TEXAS.

("the Property") on the following conditions:

It is further ORDERED that the conditions under which the Stay shall remain in effect are as follows:

1. <u>Maintaining Ongoing Payments</u>. Pursuant to the terms of the Adjustable Rate Note, dated July 14, 2005, owned by Movant ("the Note") and secured by a Deed of Trust signed by Benito Valdez and Annette Ricarte dated July 14 2005 ("the Deed of Trust"), Debtor shall disburse directly to Movant, promptly when due, each monthly installment that falls due under the terms of the Note, beginning the first day of May 2017. These installments are currently $575.25 per month. The regular payment shall be remitted in such a manner that it is received by Movant on or before the 1st day of the month (the contractual due date) for the month in which it is due. Failure to do so shall constitute a default pursuant to the terms of this Order. Should any regular payment arrive after the expiration of the grace period provided in the Note, Movant reserves the right to assess late charges by the Note. Debtor should send all payments to the following address:

> Nationstar Mortgage, LLC
> PO Box 619094
> Dallas, TX 75261-9741
> ATTN: BANKRUPTCY DEPARTMENT

2. Debtor shall cure the post-petition mortgage arrearage to Movant in the amount of $2,960.28 which is described as follows:

| | |
|---|---:|
| January 2017 through February 2017 @ $564.39 | $1,128.78 |
| March 2017 through April 2017 @ $575.25 | $1,150.50 |
| Attorney's Fees | $500.00 |
| Filing Fees | $181.00 |
| **TOTAL POST-PETITION ARREARAGE** | **$2,960.28** |

3. Within thirty (30) days of entry of this Order, the total post-petition arrearage of $2,960.28 ("Total Arrearage") shall be cured by the amendment or modification of Debtor's existing Chapter 13 Plan to include the Total Arrearage as a secured claim owed to Movant. The Trustee reserves the right to object to the modification of the plan.

4. If the amended or modified Chapter 13 Plan is not filed by the thirtieth (30th) day following the entry of this Agreed Order, the stay is terminated as to the Property without further notice or action by this Court. If the Debtor fails to obtain an Order confirming or modifying the revised Chapter 13 Plan within ninety (90) days after this Order is entered, the stay is terminated as to the Property without further notice or action by this Court. If the Debtor falls behind on monthly plan payments to the Chapter 13 Trustee, such delinquency shall constitute an event of default under the terms of this Order.

It is further **ORDERED** that Debtor shall maintain property insurance and provide proof of insurance to Movant as required by the Note or Deed of Trust.

It is further **ORDERED** that if Debtor becomes 31 days delinquent to the Chapter 13 Trustee on payments required by this Order or otherwise fails to perform as required by this Order, Movant shall notify Debtor and Debtor's counsel by mailing written notice ("Notice") of the default via regular mail to the addresses reflected for Debtor and Debtor's counsel on the court's docket at the time of the Notice. If the default is not cured within ten (10) days of the date appearing on the Notice, the stay shall be terminated with respect to the Property, without further notice to Debtor or further action by this Court. If the initial default is cured within ten (10) days of the date appearing on the Notice, the stay shall remain in effect. If the initial event of default is cured and a second event of default occurs, the stay shall be

OCAS/GENERAL/JOINT
16-026407 - BK01

terminated with respect to the Property, without further notice to Debtor or further action by this Court. If the automatic stay is terminated as to the Property, Movant must provide written notice to the Debtor, Debtor's attorney and Trustee. Once the Trustee receives such notice, no further disbursements will be made on Movant's claim.

It is further **ORDERED** that in the event the Stay is terminated under the provisions of this Order, Movant its successors in interest and assigns, is authorized to any rights it may have to enforce its security interest in the Property pursuant to applicable non-bankruptcy law. By agreement, the fourteen day provision of Rule 4001(a)(3) is waived and Movant, its successors in interest and assigns, may immediately enforce and implement this Order upon termination of the Stay. Upon notice of termination of Stay, Trustee shall cease funding Movant's claim.

It is further **ORDERED** that if the Property is foreclosed upon during the pendency of this bankruptcy case, any excess proceeds from such sale after payment of existing liens, including the lien held by Movant, its successors in interest and assigns, which are remitted to the Debtor, rather than to the Trustee, shall be disclosed by the Debtors. Within fourteen (14) days of Debtor receiving any funds from a foreclosure sale, Debtors shall file amended schedules disclosing the receipt of such funds. The Trustee reserves the right to seek determination from the Court that such funds are a post-petition asset of the Estate.

It is further **ORDERED** that in the event the stay is terminated under the provisions of this Order, at its option, Movant may offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement including a deed in lieu as allowed by state law. Movant may contact the Debtor via telephone or written correspondence to offer such an agreement.

It is further **ORDERED** that upon termination of the stay, all communications including but, not limited to, notices required by state law, sent by Movant in connection with proceeding against the property may be sent directly to the Debtor.

It is further **ORDERED** that upon termination of the stay Movant shall not be required to file any subsequent Notices of Mortgage Payment Change or Notices of Fees, Expenses, or Charges.

It is further **ORDERED** that in the event this bankruptcy case is converted to a case under another chapter of the Bankruptcy Code, the Stay is terminated as to the Property without further action by this Court.

It is further **ORDERED** that in the event this bankruptcy case is dismissed, the terms of this Order shall be null and void as of the date of dismissal.

It is further **ORDERED** that in the event that an Order of Discharge is entered in this bankruptcy case the terms of this Order will no longer be binding on Movant as of the date the Order of Discharge is entered.

It is further **ORDERED** that, upon termination of the automatic stay imposed by 11 U.S.C. § 362 pursuant to this Order, the co-debtor stay imposed by 11 U.S.C. § 1301 shall terminate.

###END OF ORDER###

Respectfully Submitted by and agreed to by:

Grant M. Tabor / TBN 24027905
Email gtabor@logs.com
Shapiro Schwartz, LLP
13105 Northwest Freeway, Suite 1200
Houston, TX 77040
Telephone: (713)462-2565
Facsimile: (847)879-4856
Attorneys for Nationstar Mortgage LLC
File Number: 16-026407

Ruben E. Vasquez
State Bar Number: _____
Attorney Name: _____
State Bar Number: _____
5411 IH-10 W., Suite 100
San Antonio, TX 78201
Attorney for Debtor(s)

Agreed to by:

Mary K Viegelahn
Chapter 13 Trustee
10500 Heritage Blvd Suite 201
San Antonio, TX 78216
(210) 824-1460

David Van Zyl
P39875
Staff Attorney